**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Aero Care International L.L.C., | ) | No. CV 07-00979-PHX-MHM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| International Medevac Services, Inc., et al., | ) | |
| Defendants. | ) | |

Currently before the Court are Plaintiff Aero Care's Motion to Dismiss Counts I and II of Counterclaim (Dkt. # 23); Third Party Defendant Midzor's Motion to Dismiss Third Party Complaint (Dkt. # 24); Defendant Medevac's Motion for Leave to Amend Counterclaim and Response to Motion to Dismiss Counts I and II of the Counterclaim and Third-Party Complaint (Dkt. # 29); and Plaintiff Aero Care's Motion to Amend Complaint (Dkt. # 33). The Court, having considered said motions, the responses and replies thereto, and the applicable law, now enters its ruling.

**I.   Background**

This case arises from conflicting claims for reimbursement of insurance claims totaling $102,411.62 by two ambulance service providers insured through Blue Shield of California ("Blue Shield"), an insurance provider. The two ambulance companies are Plaintiff Aero Care International L.L.C. ("Aero") and Defendant International Medevac

Services, Inc. ("Medevac"). (Dkt. # 1, 1:21-24.) Medevac provided air ambulance service to Blue Shield members using the Federal Tax Identification Number 20-4358071, but was doing business as "Aero Care International." (Dkt. # 17, Ex. B, ¶ 1.) Aero is a separate ambulance service with Federal Tax Identification Number 20-5499365. (Dkt. # 17, Ex B, ¶ 2.) It is unclear from the briefs who possesses the contested funds.

Initially Aero sued Medevac and Blue Shield under 28 U.S.C. § 1335 as a Complaint in the Nature of Interpleader to secure and determine the rightful ownership of the contested funds. (Dkt. # 1.) Aero's Motion for Leave to Amend Complaint eliminates the 28 U.S.C. § 1335 Interpleader claim against Medevac and Blue Shield and advances a 28 U.S.C. § 1332 claim against Medevac and Blue Shield for Aiding and Abetting Conversion in excess of $75,000. (Dkt. # 33.)

Medevac named married individuals Gary and Shauna Midzor (collectively "Midzor") as Third Party Defendants in Medevac's Counterclaim. (Dkt. # 17, 5:10-13.) Prior to January 2007 Midzor allegedly managed Medevac. (Dkt. #17, 6:19-20.) Allegedly Midzor and other individuals formed Aero on or around September 2006. (Dkt. # 17, 6:11-13.)

Medevac's Counterclaim against Aero and Midzor alleges claims of Interference with Contractual Relations or Business Expectancy, Conversion, and Unjust Enrichment. The claims stem from disputed Blue Shield insurance funds and Blue Shield's termination of Medevac's contract. (Dkt.# 17.) Medevac alleges that around January 2007 disputes arose with Midzor regarding Midzor's management of Medevac. (Dkt. # 17, 6:16-20.) Allegedly Midzor, acting on behalf of Aero, forwarded Blue Shield an unauthorized document on April 6, 2007 reassigning Medevac's business rights to Aero. (Dkt.#17, Ex. B.) Shortly thereafter Blue Shield denied this request to transfer Medevac's rights to Aero and terminated contractual relations with Medevac. (Dkt. #29, 3:22-24.) Medevac alleges that Midzor was not party to the provider agreement with Blue Shield and thus allegedly interfered with an established business relationship between Medevac and Blue Shield. (Dkt. # 17, 9:6-12.) It is further alleged that Midzor, acting on behalf of Aero, interfered with Medevac's

possessory right to Kaiser insurance funds. (Dkt. #17, 9:20-25.) It is unclear from the briefs how Kaiser, an unnamed party in this proceeding, is part of this dispute.

Medevac's Motion for Leave to Amend Counterclaim to correct a Third Party Complaint against Midzor requests leave to join Midzor as an additional party under Rule 15 of the Federal Rules of Civil Procedure rather than name Midzor as a Third-Party Defendant. (Dkt.# 29, 2:13-16.) Midzor filed to dismiss the Third Party Complaint under Rule 14 of the Federal Rules of Civil Procedure. (Dkt. # 24.)

## II.   Discussion

### A. Motions to Amend Complaints

Motions to amend a complaint are governed by Rule 15 of the Federal Rules of Civil Procedure. A plaintiff is allowed to amend the complaint "as a matter of course" prior to the defendant filing a responsive pleading. Fed. R. Civ. P. 15(a). Thereafter, the plaintiff may amend the complaint "only by leave of court . . . and leave shall be freely given when justice so requires." Id. The Court must apply this rule with "extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987); see Noel v. Halli, 341 F.3d 1148, 1170 (9th Cir. 2003) (because Rule 15 favors a liberal policy towards amendment, "the nonmoving party bears the burden of demonstrating why leave to amend should not be granted.").

Additionally, Rule 20 provides that a party may be joined as a defendant in one action "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of . . . [a] series of transactions . . . and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

Rule 13 governs Compulsory Counterclaims and requires that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against and opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." Fed. R. Civ. P. 13(a). An "opposing party" for the purposes of Rule 13 is "one who asserts a claim against the prospective counterclaimant in the first instance." Noel v. Hall, 341 F.3d 1148, 1170-71 (9th Cir. 2003). The term

1  "transaction" as used in Rule 13 is to be construed generously to avoid unnecessary expense
2  inherent in multiplicious litigation. <u>Columbia Plaza Corp v. Security Nat'l Bank</u>, 525 F.2d
3  620, 625 (C.A.D.C. 1975).

4  Here, Aero's Motion to Amend Complaint (Dkt. # 33) fits squarely within the latitude
5  provided by Rule 15 and is allowed as a matter of course. To date, Blue Shield has not filed
6  a responsive pleading to Plaintiff Aero's complaint. See Fed. R. Civ. P. 15(a).

7  Likewise, in light of the policy for liberality of amendment under Rule 15, Medevac's
8  Motion to Amend Counterclaim is warranted (Dkt. #29). Denial of Medevac's request to
9  correct the procedural error of naming Midzor as a third party rather than a joined party
10 would be improper in this case. Midzor has some alleged role in the series of transactions
11 in question, and should remain as a joined party to resolve this dispute. Aero's contention
12 that Rule 13(a) bars Medevac's Motion to Amend is unpersuasive because Aero filed the
13 original complaint against Medevac, and Midzor was not a named party. Therefore, neither
14 Medevac nor Midzor fall within the applicable Rule 13 definition of an opposing party
15 required to state a compulsory counterclaim from the onset. Given these facts, the Court will
16 grant Defendant Medevac's Motion to Amend Counterclaim and grant Plaintiff Aero's
17 Motion to Amend Complaint.

18 **B.  Motion to Dismiss Counts I and II of Counterclaim**

19 To state a claim for relief the federal rules require only "a short and plain statement
20 of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court
21 fundamentally disfavors dismissal for failure to state a claim and such a request is rarely
22 granted. <u>Gilligan v. Jamco Dev. Corp.</u>, 108 F.3d 246, 249 (9th Cir. 1999); <u>see</u> <u>Hall v. City</u>
23 <u>of Santa Barbara</u>, 833 F.2d 1270, 1274 (9th Cir. 1986) (stating "[i]t is axiomatic that '[t]he
24 motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'")
25 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357,
26 at 598 (1969)).

27 Under Rule 12(b)(6) the Court will grant a motion to dismiss for failure to state a
28 claim "only where it appears, beyond doubt, that the plaintiff can prove no set of facts that

- 4 -

1 would entitle it to relief." Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). The court
2 will construe all allegations of material fact "in a light most favorable to the non-moving
3 party." Wyler Summit Partnership v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir.
4 1998). However, "the court [is not] required to accept as true allegations that are merely
5 conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden
6 State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (dismissing plaintiff's allegations for failure
7 to state a claim under 12(b)(6) because plaintiff provided the court with facts that directly
8 contradicted the claim).

9 Here Aero and Midzor request dismissal of Counts I and II of Medevac's
10 Counterclaims. In Count I, Medevac claims Intentional Interference with Contractual
11 Relations. The prima facie elements of intentional interference with contractual relations are:
12 (1) existence of a valid contractual relationship, (2) knowledge of the relationship on the part
13 of the interferor, (3) intentional and improper interference inducing or causing a breach or
14 termination, and (4) resultant damage to the party whose relationship has been disrupted.
15 Safeway Ins. Co. v. Guerrero, 210 Ariz. 5, 10, 106 P.3d 1020, 1025 (Ariz. 2005); see
16 Wallace v. Casa Grande Union High School Dist. No. 82 Bd. Of Governors, 184 Ariz. 419,
17 427, 909 P.2d 486, 494 (Ariz. Ct. App. 1985).

18 Under Rule 8, Medevac needed to set forth only a short and plain statement showing
19 it was entitled to relief. It is clear from the facts that Medevac contracted with Blue Shield
20 for air ambulance services, and Midzor knew of this business relationship because he was
21 a participant in Medevac's business using the Federal Tax Identification Number 20-
22 4358071, but doing business as "Aero Care International." Medevac alleges that Midzor,
23 acting on behalf of Aero, intentionally forwarded Blue Shield an unauthorized document
24 reassigning Medevac's rights to Aero (with a Federal Tax Identification Number of 20-
25 5499365), which induced Blue Shield to terminate Medevac's contract. Therefore, Medevac
26 has stated facts sufficient to state a claim against Aero and Midzor for intentional
27 interference with contractual relations with Blue Shield. Unlike the plaintiff in Sprewell who
28 supplied the court with facts contradicting a claim, Medevac has not provided the Court with

1  any facts that directly contradict the claim against Aero and Midzor for intentional
2  interference with contractual relations. Accordingly, the Court finds that Medevac has stated
3  a sufficient claim under Rule 12(b)(6) and will deny Aero's and Midzor's Motion to Dismiss
4  the Counterclaim with respect to Count I.

5  In Count II, Medevac advances a claim against Aero and Midzor for Conversion.
6  Conversion requires proof of "any act of dominion wrongfully exerted over another's
7  personal property in denial of or inconsistent with his rights therein." Shartzer v. Ulmer, 85
8  Ariz. 179, 184, 333 P.2d 1084, 1088 (Ariz. 1959). Here the Court looks to state law rather
9  than federal law for authority. See generally Reliance Ins. Co. v. U.S. Bank of Washington,
10 N.A., 143 F.3d 502, 505-6 (9th Cir. 1998) (applying state law rather than federal law in a
11 dispute between a lender and a surety over payments made by the federal government). In
12 Arizona, money can be the subject of conversion. Autoville, Inc. Friedman, 20 Ariz.App.
13 89, 91, 510 P.2d 400, 402 (Ariz. 1973). Here, Medevac asserts that Midzor, acting on behalf
14 of Aero, interfered with Medevac's ownership rights of insurance funds. The Court may not
15 dismiss Medevac's claim for conversion by evaluating the adequacy of Medevac's limited
16 evidence, as Aero and Midzor request. Indeed, Medevac asserts sufficient facts to state a
17 logical claim for conversion under Rule 8 and Rule 12(b)(6). Therefore the Court will deny
18 Aero's and Midzor's Motion to Dismiss the Counterclaim with respect to Count II.

19 **III.  Conclusion**
20      **Accordingly**, based on the foregoing,
21      **IT IS ORDERED** granting Plaintiff Aero's Motion to Amend Complaint pursuant
22 to Federal Rule of Civil Procedure 20. (Dkt. #33)
23      **IT IS FURTHER ORDERED** granting Defendant Medevac's Motion to Amend
24 Counterclaim pursuant to Federal Rule of Civil Procedure 15(a). (Dkt. #29)
25      In light of the Court's determination above,
26      **IT IS FURTHER ORDERED** denying as moot Third Party Defendant Midzor's
27 Motion to Dismiss Third Party Complaint. (Dkt. #24)
28

1   **IT IS FURTHER ORDERED** denying Plaintiff Aero's Motion to Dismiss the
2   Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. #23)
3   DATED this 26th day of March, 2008.

*[signature]*
Mary H. Murguia
United States District Judge